IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISHA M WALTON, et al.,<br>　　　　Plaintiffs,<br>　v.<br>KEE ANA SMITH, et al.,<br>　　　　Defendants. | Case No. 23-cv-04843-MMC<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 16 |

By order filed November 14, 2023, the Court granted plaintiffs Denisha Walton and Justin Walton's application to proceed in forma pauperis, and, pursuant to 28 U.S.C. § 1915(e)(2), dismissed the complaint for failure to state a claim but afforded plaintiffs leave to amend. Now before the Court is plaintiffs' "Second Amended Complaint" ("SAC") filed January 24, 2024. (See Doc. No. 16.)

Plaintiffs allege that, on March 4, 2022, subsequent to their 16-year-old daughter's false report that her father, plaintiff Justin Walton, had molested her, plaintiffs lost custody of their children. (See SAC at 17.) Based on these allegations, plaintiffs bring ten claims against twenty defendants, fourteen of whom were defendants to the original complaint (see Compl., Doc. No. 1), and request "that the Court void the lower court orders" and "try all severable issues and facts before a jury." (See SAC at 76–77.)

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must "dismiss the case" if the plaintiff "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B). The Court therefore turns to the question of whether the SAC states a claim on which relief may be granted.[1]

---

[1] The Court previously dismissed plaintiffs' claims under the False Claims Act (see

**A.  Rooker-Feldman Doctrine**

Where "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision, [the] Rooker-Feldman [doctrine] bars subject matter jurisdiction in federal district court." See Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003). Suits whose "substance challenge[ ] the state court's [determination] of [a] plaintiff's parental rights" fall within the ambit of the doctrine, even where, as here, the "operative complaint facially asserts constitutional claims." See Grimes v. Alameda Cnty. Social Servs., No. C 11–02977 WHA, 2011 WL 4948879, at *2 (N.D. Cal. Oct. 18, 2011).

Here, the Court, in adopting Magistrate Judge Spero's Report and Recommendation, dismissed plaintiffs' initial complaint with leave to amend "to allege facts, including the case number(s) of any state court proceedings involving custody of their children and information about any orders that have been entered in that case, that [may] allow the Court to determine whether any of their claims are sufficiently independent of the state court's orders to fall outside of the Rooker-Feldman doctrine." (See Report and Recommendation ("Rpt. and Rec.") at 12:27–13:3, Doc No. 8.) Plaintiffs having failed to allege any such facts or provided any information about the state court proceedings, the Court hereby finds plaintiffs' claims are again subject to dismissal under the Rooker-Feldman doctrine.

**B.  Previously Named Defendants**

The Report and Recommendation set forth in detail the deficiencies as to fourteen defendants named in both the original complaint and the SAC. (See Rpt. and Rec.; SAC Order, Doc. No. 19), and, accordingly, such claims are not addressed herein.

at 2–5.)[2] As to eleven of these fourteen defendants,[3] plaintiffs have failed to add factual allegations in support of their claims, and, the Court again finds the claims against said defendants are subject to dismissal.

With respect to three of the originally named defendants, namely, Mamie Wong, Julia Ten Eyck, and the John Muir Behavioral Health Center, plaintiffs have set forth additional allegations. As discussed below, however, these added allegations are insufficient to cure the previously identified deficiencies.

As to defendant Wong, a "[s]ocial [w]orker [s]upervisor," plaintiffs now allege she "moved the plaintiffs' children [between] several different foster homes[ ]," thereby forcing plaintiffs to "visit their children in far away locations," and "made unsubstantiated allegations of drug use" in proceedings before Judge Woods. (See SAC at 28–30.) As discussed in the Report and Recommendation, "social workers are entitled to absolute immunity for the initiation and pursuit of dependency proceedings, including their testimony offered in such proceedings," as well as "when making post-adjudication custody decisions pursuant to a valid court order." See Mabe v. San Bernadino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1109 (9th Cir. 2001). Wong's alleged acts, all of which appear to be in the course of dependency proceedings, fall within the scope of immunity.

As to defendant Ten Eyck, who is identified as the "the first court-appointed attorney for the plaintiff[s'] children," plaintiffs have added in the SAC an allegation as to the date on which said defendant's actions occurred and cite to "Exhibit 4" to the SAC as

---

[2] The fourteen defendants named in both the original complaint and the SAC are Kee Ana Smith, Sergeant Dan Kelly, Claudia Sagastume, Donita Carter, Alex Stuckey, Mamie Wong, the City of Tracy, Katya Cornejo, Julia Ten Eyck, Wendy Lee Lowinger, Amy Stoll, Candice Saadian Costa, the John Muir Behavioral Health Center, and Anna Sabio.

[3] Said eleven defendants are Kee Ana Smith, Sergeant Dan Kelly, Claudia Sagastume, Donita Carter, Alexis Stuckey, the City of Tracy, Dr. Katya Cornejo, Wendy Lee Lowinger, Amy Stoll, Candice Saadian Costa, and Anna Sabio.

"confirm[ing] maltreatment" of their children. (See SAC at 39.)[4] Such additions do not cure the deficiencies identified in the Report and Recommendation, namely, that Ten Eyck owed no duty of care to plaintiffs, who were not her clients, and that plaintiffs fail to allege her acts caused plaintiffs any injury. (See Rpt. and Rec. at 19:16–20:22.)

As to defendant John Muir Behavioral Health Center, plaintiffs have added allegations in the SAC that said medical facility is "making . . . diagnoses [to permit] the social worker [to] use[ ] to make a false claim for county and state funds." (See SAC at 35.) Based thereon, plaintiffs purport to bring a claim under the Federal False Claims Act, which claims the Court has dismissed by prior order (see Order, Doc. No. 19 (noting False Claims Act claims cannot be brought by party proceeding pro se)), and which determination remains unchanged.

Accordingly, the claims against all previously dismissed defendants are subject to dismissal without further leave to amend.

**C. Newly Named Defendants**

In the SAC, plaintiffs bring claims against six defendants not named in the original complaint: Joe Biden, Kamala Harris, Merrick Garland, and Xavier Becerra (collectively, "Federal Defendants"), as well as San Francisco County and Margaret Pendergast. (See SAC at 2–4.)

**1. Federal Defendants**

Plaintiffs allege the Federal Defendants "are aware of the constitutional violations being committed but decide to do nothing about it." (See SAC at 43.) Based on said allegations, plaintiffs bring claims for violation of 42 U.S.C. §§ 1983, 1985, and 1986. (See id. at 41.)

To the extent plaintiffs' claims are brought under 42 U.S.C. § 1983, the claims are subject to dismissal. "[F]ederal officials acting under federal authority are generally not considered to be state actors." See Cabrera v. Martin, 973 F.2d 735, 742 (9th Cir. 1992).

---

[4] Plaintiffs have not attached an Exhibit 4 to the SAC.

4

Although they "may be liable under § 1983 if they are found to have conspired with or acted in concert with state officials to some substantial degree," see id., in order "[t]o transform a federal official into a state actor, the [plaintiff] must show that there is a 'symbiotic relationship' between the federal defendants and the state such that the challenged action can fairly be attributed to the state," see id. at 742–43 (internal quotation, citation, and alterations omitted).

//

Here, plaintiffs have failed to allege facts supporting the existence of such a relationship between the Federal Defendants and the state officials; indeed, plaintiffs have alleged no facts suggesting the Federal Defendants knew of any actions taken by the state in the instant case, nor of the state's understanding of the federal government's involvement. Accordingly, plaintiffs' claims under 42 U.S.C. § 1983 are subject to dismissal. See id. at 743 (dismissing claim where federal defendants did not "act in concert" with state officials).

To the extent plaintiffs' claims are brought under 42 U.S.C. §§ 1985–86, said claims likewise fail. Although plaintiffs do not identify which subsection of 42 U.S.C. § 1985 the Federal Defendants allegedly violated, every subsection addresses circumstances wherein "two or more persons in any State or Territory conspire" to deprive a person of a constitutional right. See 42 U.S.C. §§ 1985(1)–(3). Here, plaintiffs have not alleged facts suggesting the federal defendants were aware of the challenged conduct, and, consequently, plaintiffs have not plausibly alleged a conspiracy. See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (holding plaintiff, to state claim under 42 U.S.C. § 1985, "must show an agreement or meeting of the minds to violate constitutional rights"). Accordingly, plaintiffs' claims under 42 U.S.C. §§ 1985–86 are subject to dismissal.[5]

---

[5] Because liability under § 1986 is derivative of liability under § 1985, plaintiffs' failure to state a § 1985 claim is also fatal to their § 1986 claim. See Karim-Panahi v. L.A. Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section

1    To the extent plaintiffs seek to hold the Federal Defendants liable in their
2 individual, rather than their official, capacities, the Court construes such claims to be
3 brought under the doctrine set forth in Bivens v. Six Unknown Named Agents of Federal
4 Bureau of Narcotics, 403 U.S. 388 (1971), which doctrine applies in only limited
5 circumstances, none of which apply here, see Marquez v. C. Rodriguez, 81 F.4th 1027,
6 1029 (9th Cir. 2023) (discussing three circumstances in which Bivens may be applied;
7 noting Supreme Court has "repeatedly and expressly confined Bivens claims" to said
8 circumstances). Accordingly, plaintiffs' Bivens claims are subject to dismissal.
9    Lastly, to the extent plaintiffs seek to hold the Federal Defendants liable in their
10 official capacities under their tort causes of action, plaintiffs fail to allege compliance with
11 the Federal Tort Claims Act. See Tritz v. U.S. Postal Service, 721 F.3d 1133, 1140 (9th
12 Cir. 2013) (affirming district court's dismissal of plaintiff's complaint for "failure to comply
13 with the FTCA's administrative exhaustion requirement"). Accordingly, plaintiffs' tort
14 claims against the Federal Defendants are subject to dismissal.
15    In sum, plaintiffs have failed to state a claim against the Federal Defendants.

**2. San Francisco County**

Plaintiffs allege San Francisco County is "the county that detained the children and where plaintiffs attend court" (see SAC at 18), and allege the following acts on the part of the County: it "failed to reprimand [its] employees for misconduct on several occasions"; its employees "failed to behave as professionals and meet the standards of professional conduct because they deliberately did not perform thorough investigations or provide the family and children with assistance that actually helped them"; and it "sen[t] social workers to stalk and harass [plaintiffs] while receiving reproductive services" (see id. at 20–21). Based on such allegations, plaintiffs bring claims for: (1) "Constructive Fraud/Fraud"; (2) "Breach of Fiduciary [sic]"; (3) "Negligent Malpractice"; (4) "Fraud Upon the Court"; (5) "Health Care Fraud"; (6) "Intentional Infliction of Emotional Distress";

---

1986 only if the complaint contains a valid claim under section 1985").

(7) "Conspiring to Defraud the U.S. Government"; (8) "Making False Claims to the U.S. Government";[6] (9) "Federal Constitution Monell 42 USC 1983, 1985, 1986"; (10) "State Constitutional Violations." (See SAC at 19.)

Under the California Tort Claims Act, "state law tort claims against . . . public entity defendants are barred unless [plaintffs] present them to [the entity] before commencing suit. See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 627 (9th Cir. 1988) citing Cal. Gov't. Code §§ 905, 945.4, 950.2 (West 1980). Here, plaintiffs have not alleged compliance with the required procedures, and, consequently, all tort claims against San Francisco County are subject to dismissal.

Next, plaintiffs' remaining federal claims against the County, namely their Monell claims, fail. In particular, plaintiffs "must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiffs] suffered." See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012). In so alleging, plaintiffs may not simply "recite the elements of a cause of action," e.g., the existence of a deliberate policy, but rather, the SAC must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." See id. at 637. Here, plaintiffs' allegations against San Francisco County are primarily allegations of isolated wrongdoing. See, e.g. SAC at 20 (alleging "San Francisco failed to reprimand their employees for misconduct on several occasions"). Although plaintiffs allege "other parents . . . have experienced the same misconduct," they fail to identify the particular wrongdoing so experienced, and their conclusory allegation that "failure to supervise employees is a policy and custom of defendants" (see id.) is unavailing. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) (holding "conclusory allegation . . . does not supply facts adequate" to support claim).

---

[6] As discussed above, the Court, by prior order, dismissed plaintiffs' claims under the False Claims Act as alleged in the SAC.

Accordingly, plaintiffs' claims against San Francisco County are subject to dismissal.

### 3. Margaret Pendergast

Lastly, plaintiffs assert a claim for "professional negligence" against Margaret Pendergast, who they identify as "[p]arents' [t]hird [a]ppointed [a]ttorney." (See SAC at 4, 49.) Specifically, plaintiffs allege Pendergast, along with five previously dismissed attorneys, "violated the plaintiff[s'] rights and allowed mistreatment by failing to behave ethically and report the misconduct." (See id. at 49.) Plaintiffs' claim against Pendergast fails for the same reasons plaintiffs' claims against their first two appointed attorneys fail, namely, plaintiffs' failure to allege conduct that caused them harm. (See Rpt. and Rec. at 20:20–22.)

## CONCLUSION

For the reasons stated above, plaintiffs' claims against all previously named defendants are hereby DISMISSED without further leave to amend. As plaintiffs may be able to cure some of the above-discussed deficiencies with respect to the newly named defendants, plaintiffs' claims against the newly named defendants are hereby DISMISSED with leave to amend. Plaintiffs' Third Amended Complaint, if any, shall be filed by November 1, 2024.

**IT IS SO ORDERED.**

Dated: September 13, 2024

MAXINE M. CHESNEY
United States District Judge